UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DEBRA FREDRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:06-CV-380 CAN |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

On June 27, 2007, Defendant Social Security Administration (SSA) filed a motion to vacate this Court's previous order dated June 21, 2007. For the following reasons, the SSA's motion is **GRANTED**.

**I.   PROCEDURE**

On March 6, 2007, the parties filed a joint stipulation to remand this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). On March 16, 2007, this Court entered an order that granted the parties' stipulation and remanded this case to the Commissioner for a de novo review. As a result, the clerk filed an entry of judgment and the case was termed.

On April 12, 2007, Plaintiff Debra Fredrick (Fredrick) filed a motion for attorney fees pursuant to the Equal Access to Justice Act (EAJA). On April 27, 207, the parties stipulated to an award of attorney fees under the EAJA and that it be paid to the Plaintiff's counsel. On May 1, 2007, this Court granted the parties' stipulation and denied Fredrick's previous motion for attorney fees as moot. The stipulation mentioned nothing about an assignment of the award to Fredrick's counsel. Therefore, this Court's order awarded the fees to Fredrick, the prevailing party, and did not direct the payment to be made directly to Fredrick's counsel.

The SSA, relying on this Court's order, issued a check to Fredrick herself rather than Fredrick's counsel. The Department of Treasury intercepted this payment to offset a debt owed by Fredrick. After this took place, on June 12, 2007, Fredrick filed a motion to amend this Court's May 1, 2007, order. Fredrick asked this Court to amend the May 1, 2007, order to award the EAJA award to Fredrick's counsel rather than Fredrick herself. On June 21, 2007, this Court granted Fredrick's motion and amended its May 1, 2007, order <u>nunc pro tunc</u> to approve the award of the attorney fees directly to Fredrick's counsel.

On June 27, 2007, the SSA filed a motion to vacate this Court's June 21, 2007, order. On June 28, 2007, this Court took the SSA's motion under advisement and allowed the SSA an opportunity to respond to Fredrick's original motion to amend filed on June 12, 2007. On June 29, 2007, the SSA filed its response and on July 9, 2007, Fredrick filed her reply in support of her motion. This Court may rule on this motion pursuant to the parties' consent and 28 U.S.C. 636(c).

**II.    ANALYSIS**

The EAJA dictates that an award of attorney fees is to go to the prevailing party. Specifically, 28 U.S.C. § 2412(d)(1)(A) states

> [e]xcept as otherwise specifically provided by statute, a court <u>shall</u> award to a <u>prevailing party</u> . . . fees and other expenses . . . incurred by that party in any civil action

(emphasis added). Further, the EAJA defines "prevailing party" as "a party who obtains final judgment." 28 U.S.C. § 2412(d)(2)(H). Because the stipulation of the parties mentioned nothing about an assignment of the award from Fredrick, the prevailing party, to her attorney, this Court simply followed the EAJA, which demanded that the attorney fees be awarded to Fredrick. If the parties' stipulation had clearly indicated that an assignment of the funds had taken place, or

2

some other valid reason for why the specific instructions of the EAJA could be ignored, this Court may have been persuaded that the award should have went directly to Fredrick's attorney. However, the stipulation was silent as to reasoning for why the stipulation should have went to Fredrick's counsel rather than Fredrick herself.  Absent such reasoning, this Court simply followed the instructions of the EAJA.  Simply put, there was nothing incorrect with this Court's original order.

It is unfortunate that Fredrick's counsel has not received the funds based on the series of events that have taken place following this Court's order.[1]  Fredrick may have assigned her rights to the EAJA award as Fredrick's counsel claims that may or may not give counsel priority to the funds ahead of the third party, which intercepted those funds.  However, that question belongs to a different cause of action, and it is not currently before this Court.  This Court simply concludes that its previous order was not erroneous, and therefore, **GRANTS** the SSA's motion to vacate.

**III.    CONCLUSION**

The SSA's motion to vacate is **GRANTED** [Doc. No. 31].  This Court's June 21, 2007, order is **VACATED** and this Court's May 1, 2007, order is **REINSTATED**.

**SO ORDERED.**

Dated this 24th Day of July, 2007.

---

[1] This Court notes Fredrick's counsel could have taken steps to prevent this from happening.  Local Rule 5.1 requires the parties to submit a proposed form of order with any motion. N.D.L.R. 5.1(e).  This Court received no proposed form of order with the parties' stipulation, and as a result, this Court drafted and issued its own order.  If Fredrick's counsel would have submitted his own proposed order, the eventual results may not have ever happened. Counsel is advised to follow the local rules in the future.

S/Christopher A. Nuechterlein  
Christopher A. Nuechterlein  
United States Magistrate Judge